(89 South. 860)

### STATE v. MARGO.    (6 Div. 886.)

(Court of Appeals of Alabama.   May 10, 1921.
Rehearing Denied May 31, 1921.)

1. Habeas corpus ⊜⟶113(12)—Court's conclusion as to bail on conflicting evidence conclusive on appeal.

In habeas corpus by petitioner charged with murder for discharge from custody on bail, court's conclusion on conflicting evidence that there was a substantial doubt as to whether the facts justified the belief that petitioner was guilty *held* conclusive on appeal by state from order for bail.

2. Appeal and error ⊜⟶1011(1)—Court's conclusion of facts on conflicting evidence not disturbed.

Where there is a conflict in the evidence and the judge below sees and hears the witnesses, his conclusions on the facts will not be disturbed unless his finding is contrary to the great weight or preponderance of the evidence.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Charlie Margo, being under an indictment for murder in the first degree, brought habeas corpus for bail, and from an order granting bail, the State appeals.  Affirmed.

Harwell G. Davis, Atty. Gen., and Brown & Denson, of Birmingham, for the State.

Counsel discuss the various assignments of error relative to the admission and exclusion of evidence; but, in view of the opinion, the discussion and authorities are not here set out.

Palmer Daugette, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

PER CURIAM.  The order entered by the trial judge in this proceeding is affirmed.

BRICKEN, P. J.  The petitioner, Margo, while confined in the county jail under an indictment charging him with murder in the first degree, brought habeas corpus to determine whether or not he was entitled to bail.

After hearing the testimony and the arguments of counsel the judge below entered the following order:

"March 11/21.  This cause coming on to be heard, and after hearing the evidence the court is of the opinion that a substantial doubt exists as to whether the facts justify the belief that petitioner is guilty of first degree murder, and the proof is not evident or the presumption great as to such degree of murder.  It is therefore ordered that petitioner be admitted to bail in the sum of $7,500.  And notice in open court having been given that an appeal will be taken to the Supreme Court, it is further ordered pursuant to Code, § 6245, that this order be suspended pending said appeal.

"Evans, Judge."

[1, 2]  This appeal, taken by the state, has been most carefully considered by this court sitting in banc, and we are unable to agree with the state's counsel that the general rule, so often announced in cases of this character, should not apply in the case at bar.  The rule is, where there is a conflict in the evidence and the judge below sees and hears the witnesses, his conclusions on the facts will not be disturbed, unless his finding is contrary to the great weight or preponderance of the evidence.

For manifest reasons we will not discuss the evidence and its tendencies for by so doing it might and possibly would have the effect of affecting the trial of this case upon its final hearing.  We are of the opinion however, that certain phases of the testimony justified the judge below in his conclusion in holding that the proof is not evident, or the presumption great as to the existence of murder in the first degree with all the necessary elements necessary to constitute the offense.

Entertaining this view it is not deemed necessary to pass specifically upon the several rulings of the court insisted upon as being error, many of which appear to be without merit.

The judgment allowing defendant bail in the sum of $7,500 is affirmed.

Affirmed.